IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| *In re Zydus Unsolicited Fax Litigation* | Case No. 13-cv-3105 <br><br> Hon. Sara L. Ellis |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On July 9, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus"), Communications Media, Inc. ("CMI"), Compas, Inc. ("Compas"), and The Hibbert Group ("Hibbert"), as memorialized by the parties in the Class Action Settlement Agreement dated July 6, 2015 (the "Settlement Agreement").

On December 9, 2015, the Court held a Final Approval hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Motion For Final Approval Of Class Action Settlement, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in this case (the "Litigation").

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are forever bound by this Order Granting Final Approval Of Class Action Settlement.

4. KCC Class Action Services, LLC, located at 2 North LaSalle Street, Chicago, Illinois 60602, shall be the Class Administrator.

**Class Certification**

5. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals or entities who, up to the date of preliminary approval of this Settlement, were sent one or more facsimile advertisements from or on behalf of Defendant Zydus Pharmaceuticals (USA) Inc. or who own the fax machines on which the facsimiles were received.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Siprut PC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Plaintiff Advanced Arlington Sports Medicine Center Ltd. is designated as representative of the Settlement Class.

8. Siprut PC is appointed as Class Counsel.

**Class Notice**

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. Notice was given by facsimile and U.S. mail to each Settlement Class Member whose identity could be identified through reasonable effort. The Settlement Administrator also posted the Settlement Agreement and Notice on www.PharmaceuticalsTCPASettlement.com. In addition, Class Counsel, at its own expense posted relevant documents on zydusfaxsettlement.siprut.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 3,565 valid and timely claim forms were submitted. An additional 619 claims reflected in the Settlement Administrator's declaration are allowed, bringing the total number of approved claims to 4,184.[1]

**Objections and Opt-Outs**

11. No objections were filed by Class Members.

---

[1] The following claims are allowed: (a) 470 claims that were submitted using the unique claim number provided on the notice, but with a fax number that did not appear on the class list; (b) 105 claims that were submitted after the submissions deadline; and (c) 44 claims that were submitted with a fax number that matches a different record in the Settlement Administrator's notice list. (*See* Dkt. No. 86-3 ¶20(b), (d), (e).)

12. A total of seven (7) persons/entities have validly requested exclusion from the Settlement Class: James V. Chabala; James, S. Jones; Maneka Kaul; Theodor S. Parada; Odel Ruano; Kazue Tsukikawa; and W.G. Woreta. These persons/entities are not Settlement Class Members and are not bound by the release provisions of the Settlement Agreement.

**Class Compensation**

13. In accordance with the terms of the Settlement Agreement, Defendants shall provide a total of $1,000,000 to create a Settlement Fund. After notice and administrative expenses, Plaintiff's incentive award, and Class Counsel's attorneys' fees are deducted, each of the 4,184 claiming Settlement Class Members shall receive an equal share. No portion of the Settlement Fund shall revert back to Defendants. If any checks to Settlement Class Members remain uncashed for ninety (90) days, the Settlement Administrator shall take the necessary action for the funds to escheat to the appropriate state government(s).

**Releases**

14. Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

**Award of Attorneys' Fees, Costs, and Incentive Award**

15. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $261,543 as an award of attorney's fees to be paid from the Settlement Fund after the deduction of notice and administrative expenses and Plaintiff's incentive award, and finds this amount of fees is fair and reasonable.

16. The Court grants Class Counsel's request for an incentive award to the class representative and awards $10,000 to Advanced Arlington Sports Medicine Center Ltd. The

Court finds that this payment is justified by the Plaintiff's service to the Settlement Class as the class representative. This payment shall be made from the Settlement Fund.

**Other Provisions**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Granting Final Approval Of Class Action Settlement, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, Order Granting Final Approval Of Class Action Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendants. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendants or the Settlement Class Members.

19. The Settlement Administrator shall distribute the Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, by the Effective Date as that term is defined in the Settlement Agreement.

20. The Court dismisses this action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein) against Plaintiff and all Settlement Class Members, and adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

21. Plaintiff and the Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Parties.

ENTER:

Dated: January 4, 2016 _____
United States District Court Judge